**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                    :
BRENT A. EASTON,                    :
                                    :    Civil Action No.
          Petitioner,               :    09-2878 (RMB)
                                    :
          v.                        :    **M E M O R A N D U M**
                                    :    **O R D E R**
UNITED STATES OF AMERICA,           :
                                    :
          Respondent.               :
_____:


      This matter is before the Court upon submission of Petitioner's application for habeas corpus relief, pursuant to 28 U.S.C. § 2241, and it appearing that:

1. On June 12, 2009, the Clerk received the Petition. See Docket Entry No. 1.  The Petition, which is a lengthy narrative, does not give the Court an in-depth understanding of Petitioner's claims.  See id.  However, it appears self-evident from the face of the Petition that the narrative, in its totality, expresses Petitioner's desire to challenge the judgment entered in his criminal case (even though the Petition does not provide this Court with any information as to when, where or on which charges Petitioner was convicted and sentenced).  See id.  The sole piece of unambiguous information provided by Petitioner to the Court is limited to the fact that Petitioner is a federal inmate confined at

    F.C.I. Fort Dix.  See id. at 12 (the envelope in which the Petition arrived).

2. The Court's own research reveals the following:  On May 6, 2008, criminal proceedings were initiated against Petitioner in the United States Court for the Northern District of New York on the charges of possession and distribution of materials constituting or containing child pornography.  See USA v. Easton, 5:08-mj-00196 (GJD) (N.D.N.Y.) ("Magistrate Judge Action").  It appears that, on December 10, 2008, Petitioner pled guilty in the Magistrate Judge Action, causing the Magistrate Judge Action to be terminated see id., and transformed into USA v. Easton, 5:08-cr-00640 (DNH), a criminal matter presided by Judge David N. Hurd.  That matter was terminated on May 1, 2009, when Judge Hurd imposed the sentence consisting of a 90 month prison term and 20 years of supervised release.  See USA v. Easton, 5:08-cr-00640 (DNH), Docket Entry No. 32 (judgment as to Petitioner).

3. Since Petitioner's criminal proceedings ended less than two months ago, it appears self-evident that Petitioner either did not appeal the judgment entered by Judge Hurd in his criminal case or is currently in the process of appealing the same to the United States Court of Appeals for the Second Circuit. There is no indication that Petitioner filed a § 2255 motion, and the Public Access to Court Electronic Records ("PACER")

     maintained by the Administrative Office of the United States Courts (including the Pacer for the United States District Court for the Northern District of New York) does not reflect any such § 2255 action, either pending or closed.

4. This Court is without jurisdiction under § 2241 to entertain Petitioner's instant application. A court presented with a petition for writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled there." 28 U.S.C. § 2243. Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856; see also United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir.), cert. denied, 490 U.S. 1025 (1985).

5. Section 2241 of Title 28 of the United States Code provides in relevant part:

> The writ of habeas corpus shall not extend to a prisoner unless- . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3). As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948 revision of the Judicial

Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.[1]  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952). Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. "Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy

---

[1] The addition of 28 U.S.C. § 2255 was deemed necessary because a § 2241 petition must be filed in the district where the prisoner is confined and "the few District courts in whose territorial jurisdiction major federal penal institutions are located were required to handle an inordinate number of habeas corpus actions far from the scene of the facts . . . solely because of the fortuitous concentration of federal prisoners within the district." United States v. Hayman, 342 U.S. 205, 213-14 (1952).

under § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255; see Cradle v. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d at 251.  A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Id. (emphasis supplied).  Indeed, "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

      one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255.  The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

6.    Here, since neither the mode of direct appeal nor § 2255 is an inadequate or ineffective vehicle for Petitioner's challenges to the judgment entered by Judge Hurd in Petitioner's criminal case, this Court is without jurisdiction to entertain the Petition under § 2241.  The Court, therefore, will dismiss the Petition for lack of jurisdiction.[3]

      IT IS, therefore, on this **29th** day of **June** 2009,

      **ORDERED** that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 is **DENIED** for lack of jurisdiction; and

      IT IS FURTHER **ORDERED** that the Clerk shall serve a copy of

---

[3] Because Petitioner's criminal judgment was imposed only two months ago, and Petitioner is likely pursuing his direct appeal, this Court finds that it is not in the interests of justice to construe the Petition as a § 2255 motion and to forward it to the United States District Court for the Northern District of New York.  However, the Court stresses to Petitioner that the Court's decision not to construe the Petition as a § 2255 motion and not to forward it to the Northern District of New York does not, in any way, prevent Petitioner from filing a § 2255 motion with the Northern District of New York in the event Petitioner so desires.

this Order upon Petitioner by regular U.S. mail, and shall close the file on this matter.

                                        <u>s/Renée Marie Bumb</u>
                                        RENÉE MARIE BUMB
                                        United States District Judge